UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

04 APR 16 PM 3:39

| | |
|---|---|
| FLAGSHIP CAPITAL CORPORATION f/k/a BROOKSIDE GROUP, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:04-cv-0686-SEB-VSS ) |
| WAUSAU UNDERWRITERS INSURANCE COMPANY, EMPLOYERS INSURANCE OF WAUSAU, WAUSAU BUSINESS INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff Flagship Capital Corporation f/k/a Brookside Group, Inc., for its complaint against defendants Wausau Underwriters Insurance Company, Employers Insurance of Wausau, and Wausau Business Insurance Company (collectively, "Wausau"), states the following:

### I. The Parties and Jurisdiction

1. Plaintiff Flagship Capital Corporation ("Flagship") is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Flagship was formerly known as and is the successor-in-interest to the Brookside Group, Inc. ("Brookside") (Flagship and Brookside shall be collectively referred to as "plaintiff").

2. Defendant Wausau Underwriters Insurance Company ("Wausau Underwriters") is a Wisconsin company with its principal place of business in Wausau, Wisconsin.

3. Defendant Employers Insurance of Wausau ("Employers Wausau") is a Wisconsin company with its principal place of business in Wausau, Wisconsin.

4. Defendant Wausau Business Insurance Company ("Wausau Business") is a Wisconsin company with its principal place of business in Wausau, Wisconsin.

5. Plaintiff and Wausau are "citizens" of different states for purposes of diversity jurisdiction, and this matter involves claims in excess of $75,000.00.

6. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction of this matter on the basis of the diversity of the parties and the satisfaction of the amount in controversy.

## II. Venue

7. Plaintiff purchased various insurance policies from Wausau between 1979 and 1996, which policies included comprehensive general liability coverage for plaintiff's operations, facilities, and activities in Indiana. During the relevant time period, plaintiff's facilities were located in (i) Oaklandon, Marion County, Indiana (the "Oaklandon Site"), (ii) McCordsville, Hancock County, Indiana (the "McCordsville Site"), and (iii) Rochester, Fulton County, Indiana (the "Rochester Site"). The Oaklandon Site and the McCordsville Site are both in the Southern District of Indiana.

8. The insurance policies at issue in this case were sold to an Indiana company in the Southern District of Indiana to insure risk primarily located in the Southern District of Indiana. In addition, Wausau has already denied coverage for a claim involving the Oaklandon Site. Therefore, the events and omissions giving rise to plaintiff's claims occurred in this district.

9. The insurance policies at issue in this case were sold by Wausau to plaintiff in the Southern District of Indiana. Therefore, Wausau is subject to the jurisdiction of this Court.

10. Pursuant to 28 U.S.C. § 1391, venue is appropriate in this district for the reasons set forth in paragraphs 7, 8, and 9 of this complaint.

### III. The Policies

11. Plaintiff purchased an insurance policy from Employers Wausau that provided general liability coverage to plaintiff for three one-year periods from July 1, 1979, to July 1, 1982. The policy number of that policy is 1922-00-061103, and a copy of that policy is attached hereto as Exhibit A.

12. Plaintiff purchased insurance policies from Wausau Underwriters that provided general liability coverage to plaintiff for the period from July 1, 1986, to July 1, 1989. The policy numbers of those policies are 1927-03-061103, 1928-03-061103, and 1929-03-061103. Copies of those policies are attached hereto as Exhibits B, C, and D, respectively.

13. Plaintiff purchased insurance policies from Employers Wausau that provided general liability coverage to plaintiff for the period from July 1, 1989, to July 1, 1994. The policy numbers of those policies are 1920-03-061103, 1921-03-061103, 1922-03-061103, 1923-03-061103, and 1924-03-061103. Copies of those policies are attached hereto as Exhibits E, F, G, H, and I, respectively.

14. Plaintiff purchased insurance policies from Wausau Business that provided general liability coverage to plaintiff for the period from September 1, 1994, to December 12, 1995. The policy numbers of those policies are 0225-00-075423 and 0226-00-075423. Copies of those policies are attached hereto as Exhibits J and K, respectively.

15. Plaintiff purchased an insurance policy from Employers Wausau that provided general liability coverage to plaintiff for the period from December 12, 1995, to December 12, 1996. The policy number for that policy is 0236-00-077187. A copy of this policy is attached hereto as Exhibit L.

16.     The policies described in paragraphs 11 through 15 shall be referred to as the Wausau Policies.

## IV. Coverage Issues

17.     Plaintiff purchased the Oaklandon Site in 1986, and built an office building there, which it used in conjunction with the design and sale of its fans and blowers.

18.     In 1995, Tomkins Industries ("Tomkins") of Dayton, Ohio contacted plaintiff about purchasing the Oaklandon Site. Tomkins hired an environmental consultant to perform a Phase II investigation of the Oaklandon Site. The Phase II investigation indicated the presence of some petroleum hydrocarbon contamination in soil samples in the area where underground storage tanks ("USTs") had been located prior to plaintiff's purchase of the Oaklandon Site. The USTs had been removed from the Oaklandon Site as a condition of plaintiff's purchase of the site.

19.     Subsequent investigations indicated the presence of petroleum hydrocarbon contamination in both the soil and groundwater at the Oaklandon Site.

20.     Environmental tests performed at the Property in 1998 showed that petroleum hydrocarbon contamination in the soil and groundwater under the Oaklandon Site exceeded standards set by the Indiana Department of Environmental Management ("IDEM"). The existence of environmental contamination at these levels triggered coverage under the Wausau Policies issued between 1986 and 1996.

21.     In 1998, plaintiff sold the Oaklandon Site to Pendleton Proper. Pursuant to that sale, plaintiff also entered into a Remediation Agreement that called for plaintiff to use its best efforts to enroll the Oaklandon Site into IDEM's Voluntary Remediation Program ("VRP").

22. In August 1999, plaintiff's application to enter the Property into the VRP was accepted by IDEM when IDEM and plaintiff entered into a Voluntary Remediation Agreement ("VRA"). Participation in the VRP is the functional equivalent of a suit that triggered coverage under the Wausau Policies issued between 1986 and 1996.

23. As of this date, plaintiff has expended about $150,000.00 in investigating and remediating the petroleum hydrocarbon contamination at the Oaklandon Site. In addition, plaintiff will incur additional costs and expenses of approximately $150,000.00 in completing the remediation of the petroleum hydrocarbon contamination at the Oaklandon Site and receiving a Certificate of Completion and Covenant Not to Sue under the VRP from IDEM.

24. Plaintiff provided Wausau notice of its claim for coverage relating to the expenses it had incurred in investigating and remediating the Oaklandon Site via a letter from counsel dated June 25, 2003. In that letter, counsel for plaintiff advised Wausau that it could not deny coverage on the basis of the pollution exclusion because the Indiana Supreme Court had repeatedly held that the pollution exclusion was ambiguous and unenforceable. Counsel for plaintiff also advised Wausau of the Indiana Supreme Court decisions at issue.

25. Despite the clarity of the law, Wausau notified plaintiff in a letter dated January 8, 2004, that it was denying coverage on the basis of the pollution exclusion.

### Count I – Breach of Contract

26. Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 25 of this complaint as though fully restated herein.

27. The Wausau Policies issued between 1986 and 1996 provide insurance coverage for the expenses plaintiff has incurred and will incur related to the investigation and cleanup of contamination at the Oaklandon Site.

28. Wausau's denial of plaintiff's claim for coverage under the Wausau Policies issued between 1986 and 1996 is a breach of Wausau's obligations under those contracts.

29. Plaintiff has incurred and will continue to incur damages as a result of Wausau's breach of the Wausau Policies, and Wausau is liable for all such damages.

## Count II – Bad Faith

30. Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 29 of this complaint as though fully restated herein.

31. Wausau has a duty of good faith and fair dealing to plaintiff, as its insured.

32. Indiana law is clear that the pollution exclusions contained in the Wausau Policies issued between 1986 and 1996 are ambiguous and unenforceable and, therefore, may not be used as grounds for denying coverage for claims arising out of the investigation and cleanup of environmental contamination.

33. Despite Wausau's knowledge of the Indiana Supreme Court decisions invalidating the pollution exclusion and after much delay, Wausau denied plaintiff's claim for coverage for the cleanup of the Oaklandon Site on the basis of the pollution exclusion in the Wausau Policies issued between 1986 and 1996. In addition, other grounds cited as justification for denying coverage were similarly invalid.

33. Wausau's denial of plaintiff's claim for cleanup of the Oaklandon Site was a breach of its duty of good faith and fair dealing.

34. As a result of Wausau's bad faith in denying plaintiff's claim for cleanup of the Oaklandon Site, plaintiff has incurred and will continue to incur damages.

35. Wausau is liable to plaintiff for all damages incurred as a result of its bad faith in denying plaintiff's claim, including all costs and attorneys' fees incurred in pursuing this action.

### Count III – Declaratory Judgment Action

36. Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 35 of this complaint as though fully restated herein.

37. Prior to enrolling the Oaklandon Site in the VRP, plaintiff had applied to have the Rochester Site and the McCordsville Site enrolled in the VRP.

38. Plaintiff sought to enroll the Rochester Site in the VRP because perchloroethylene ("PCE") and trichloroethylene ("TCE") had been discovered in the soil and groundwater under the site. Plaintiff had purchased the Rochester Site in 1986 and used it to produce metal blower fans.

39. Plaintiff sought to enroll the McCordsville Site in the VRP because dichloroethylene ("DCE"), TCE, and vinyl chloride had been discovered in the soil and groundwater under the site. Plaintiff had conducted operations at the McCordsville Site since building a production facility there in 1964.

40. IDEM accepted both the Rochester Site and McCordsville Site into the VRP in 1997, when plaintiff and IDEM executed a VRA for each site. Participation in the VRP for the Rochester Site and McCordsville Site was the functional equivalent of a suit that triggered coverage under the Wausau Policies.

41. In addition, the presence of environmental contamination on the Rochester Site and McCordsville Site was an occurrence that triggered coverage under the Wausau Policies. With respect to the McCordsville Site, coverage was triggered under all the Wausau Policies. With respect to the Rochester Site, coverage was triggered under the Wausau Policies issued to plaintiff between 1986 and 1996.

42. Wausau's denial of coverage under the Wausau Policies issued between 1986 and 1996 for plaintiff's claim relating to the investigation and cleanup of environmental contamination at the Oaklandon Site on the basis of the pollution exclusion is a clear indication that Wausau would deny coverage for similar claims relating to the Rochester Site and McCordsville Site under the Wausau Policies.

43. There is an actual controversy between plaintiff and Wausau regarding the interpretation of the Wausau Policies and whether they provide coverage for the investigation and remediation of environmental contamination.

44. Thus far, plaintiff has incurred expenses of approximately $775,000.00 in the remediation of the McCordsville Site and approximately $115,000.00 in the remediation of the Rochester Site. Further, plaintiff anticipates incurring future expenses of approximately $280,000.00 to complete the remediation of the McCordsville Site.

45. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, plaintiff is entitled to a declaration of its rights under the Wausau Policies, including a declaration that coverage exists under the Wausau Policies for plaintiff's expenses incurred or to be incurred in investigating and remediating environmental contamination at the McCordsville Site, the Rochester Site, and the Oaklandon Site.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in its favor and against Wausau on all counts, declare that the Wausau Policies provide coverage for plaintiff's claims, and award plaintiff its damages, costs, attorneys' fees, prejudgment interest, and all other appropriate relief in this matter.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment of the U.S. Constitution, plaintiff requests a trial by jury on all claims and issues so triable.

Respectfully submitted,

*Thomas F. O'Gara*

Thomas A. Barnard
Thomas F. O'Gara

Attorneys for Plaintiff
Flagship Capital Corporation f/k/a
Brookside Group, Inc.

SOMMER BARNARD ACKERSON, PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204
317-713-3500
Fax: 317-713-3699
tbarnard@sbalawyers.com
togara@sbalawyers.com

135303